IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY E. SMITH SR.,

                Plaintiff,

v.

CAPITAL CARTAGE, INC.,

                Defendant.

ORDER

09-cv-684-bbc

---

Plaintiff Gregory E. Smith is proceeding *pro se* on his claims that defendant Capital Cartage, Inc, discriminated against him in the terms and conditions of employment on the basis of his age and race. Now before the court are defendant's motions to compel plaintiff to attend his deposition, for an extension of time to file dispositive motions and to revise the scheduling order to schedule a court trial instead of a jury trial. Plaintiff has responded to these motions.

In response to the defendant's motion to compel his deposition, plaintiff has stated that he will appear for a September 14, 2010 deposition. Therefore, plaintiff's motion to compel will be denied as moot. If, however, plaintiff does not appear, there will be serious consequences.

Defendant also has asked for an extension of time to file dispositive motions. A party that waits until twelve days before the motion deadline to schedule the deposition of its opponent is not entitled to a two-month of the motion deadline. The court set the dispositive motion deadline so far in advance of trial for a reason: there are a *lot* of pending summary judgment motions in this court and a lot of looming trials. The court needs the time allotted– which is formulaic in the Western District–to ensure that it can provide a timely ruling on dispositive motions to the parties. That said, the court will redeem to defendant the time lost between the first-scheduled and second-scheduled depositions of plaintiff: the new dispositive motion deadline is October 1, 2010.

Finally, although defendant agreed that this case would be tried to a jury at the March 2, 2010 telephonic preliminary pretrial conference, *see* dkt. 15, now, six months later, defendant is asking the court to convert this to a bench trial, accurately pointing out that plaintiff in his pleadings never requested a jury trial. Plaintiff responds that he and the defendant agreed to a jury trial at the preliminary pretrial conference and he still wants one.

F. R. Civ. P. 38 requires a prompt jury demand, without which a party waives his right to a jury, *see* Rule 38(d). Pursuant to Rule 39(b), however, the court may order a jury trial on any issue for which a jury might have been demanded. When considering such disputes in a case involving a pro se litigant, the court should entertain a late request for a jury with an open mind; indeed, "lack of legal assistance may supply (or be) a good reason for a favorable exercise of discretion under Rule 39(b)." *Members v. Paige*, 140 F.3d 699, 704 (7th Cir. 1998).

Here, defendant had ample opportunity to invoke Rule 38(d) between service of plaintiff's complaint on December 28, 2009 (*see* dkt. 6) and the March 2, 2010 preliminary pretrial conference. Had defendant done so, we could have addressed this issue last March. But defendant did not then and there invoke Rule 38(d); to the contrary, it agreed to a jury trial. Regardless whether this is deemed waiver of the waiver or simply a good reason for the court to exercise its discretion favorably on this issue in a pro se civil rights case, it militates toward maintaining the status quo. Nothing substantive changes by denying defendant's motion: the trial date stays the same, discovery remains unchanged, no additional or unanticipated costs are incurred beyond those already anticipated by the parties and the court. In short, there is no cognizable prejudice to defendant, and the pro se plaintiff is not disadvantaged by his ignorance of relatively obscure procedural rules.

ORDER

IT IS ORDERED that

1. Defendant's motion to compel plaintiff's deposition, dkt. 23, is DENIED as moot.

2. Defendant's motion for an extension of time to file dispositive motions, dkt. 24, is GRANTED IN PART: the new deadline is October 1, 2010.

3. Defendant's motion to revise the scheduling order to schedule a court trial, dkt.27, is DENIED.

Entered this 10th day of September, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge